UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA          )
                                  )
V.                                )          No. 2:05-MJ-187
                                  )
JOHN WAYNE BLACK                  )

**O R D E R**

One of the conditions imposed upon defendant for his pretrial release was that he not possess any firearms, etc., *after he is indicted*.

In light of the charges filed against defendant (mail fraud and perjury), and in light of his profession (a deputy sheriff), the Court perceived of no need to impose a firearm restriction on defendant; to do so would be tantamount to terminating his employment.

When 18 U.S.C. § 922(d)(1) and § 922(n) was called to the Court's attention, the Court concluded that the defendant could no longer possess firearms or ammunition after the date he is indicted. However, the Pretrial Services Officer has reminded the Court that § 922(d)(1) merely prohibits some third party from providing firearms or ammunition to a person under indictment. Similarly, § 922(n) makes it unlawful for a person under indictment to transport firearms in interstate commerce, or receive firearms in interstate commerce. *Thus, as far as § 922(d)(1) and § 922(n) are concerned, a person under indictment may continue to possess the same firearms and ammunition as he did before he was indicted.*

As noted earlier, this Court did not intend to impose any firearm restriction upon defendant but for these two statutes. In light of what these statutes proscribe, and do not proscribe, the Court hereby **AMENDS** defendant's conditions of release to provide that he may not receive from anyone any firearms or ammunition therefor after the date of his indictment. He may, however, retain any firearms and ammunition therefor that were in his lawful possession prior to the date of his indictment.

SO ORDERED:

_____ s/ Dennis H. Inman _____
United States Magistrate Judge